Gaston, Judge,
 

 after stating the case as above, proceeded as follows. — Upon these pleadings, it is evident, we think, that no decree could be made subjecting any specific part of the residuary interest in the property in question to be made liable for the debts of the defendant John P., until it was ascertained what was the said John P.’s interest therein; and that
 
 this
 
 could not be ascertained, without bringing before the Court all those interested in the bequest so that an account might be taken of their respective advancements.
 

 But the Court will not retain the cause for the purpose of having these parties made, as it is satisfied that the plaintiffs cannot have the relief which this bill asks, or any relief of the same kind.
 

 The bill does not seek for a settlement of the accounts of the partnership, but for satisfaction of a debt alleged to be absolutely due from the defendant John P. to the plaintiffs by virtue of an
 
 account stated ;
 
 and recites the partnership and other matters therewith connected as inducement to said settlement.
 

 But the plaintiffs as
 
 creditors
 
 cannot ask the aid of a Court of Equity to have a sale of the property of their debtor, because they have not obtained any judgment for their debt, nor sued out an execution by which a lien has been created on that property. In the language of this Court on former occasions, “ nothing is clearer, than that a mere creditor cannot, in equity, pursue his debtor's
 
 *613
 
 property in the hands of a third person.”
 
 Donaldson
 
 v.
 
 Bank of Cape Fear,
 
 1 Dev. Eq. Rep. 107.
 
 Clark
 
 v.
 
 Banner,
 
 decided at this term. The remedy by attachment given by our acts of assembly, must be sought in the Courts which are authorized to administer it. If that remedy be . • .... not sufficiently extensive to reach the property which the plaintiffs would fain make liable for their debt, a Court of Equity has no right to enlarge the remedy by supplemental legislation. In some states, we understand the attachment laws have been so modified, as to authorize their Courts of Chancery to help creditors before execution or judgment, to reach moneys due to, or property held for nonresident debtors. Our state has not thought proper, and probably never will think proper, to confer this large and dangerous jurisdiction.
 

 T„h®cas?,
 
 OÍ Donaldson
 
 v.
 
 Bank °pe^api
 
 Dev. Eq. Rep. 107 approved.
 

 The bill must be dismissed, and as against the representatives of John Wilson, deceased, with costs.
 

 i*ER CuRiam. Bill dismissed.